# In re Dissolution of Susquehanna Avenue Presbyterian Church of Philadelphia

*George W. McKeag* and *J. Claude Bedford,* for petitioner.

*R. H. Skilton* and *Kendall H. Shoyer,* for respondent.

PARRY, J., March 16, 1938.—This is a petition under the Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 1002, brought by the Presbytery of Philadelphia for

a decree dissolving the Susquehanna Avenue Presbyterian Church of Philadelphia, a corporation, and transferring the property held in its name to the Trustees of the Presbytery of Philadelphia, a corporation, on the ground that the respondent corporation has ceased to support public worship within the intent and meaning of its articles of incorporation. From the petition, answer, and proofs I make the following

*Findings of fact*

1. The Presbyterian Church in the United States of America, an unincorporated religious system of particular Presbyterian churches, was founded in 1706 and is organized and governed in accordance with the constitution of the Presbyterian Church in the United States of America, which sets forth the theological tenets, form of government, and rules of discipline of the church.

2. By the provisions of the said constitution each particular church is immediately governed by a judicatory known as a "Session", and the particular churches are organized within the Presbyterian Church into district groups, each under the authority and jurisdiction of a superior judicatory known as a "Presbytery", composed of ministers and elders representing all the particular churches within the bounds of the presbytery. The constitution further provides for judicatories superior to the presbyteries known as "Synods", and for a supreme judicatory known as the "General Assembly of the Presbyterian Church in the United States of America".

3. The said constitution defines the powers, duties, and composition of the various judicatories; sets forth the methods of determining questions of faith, government, and discipline arising within the church, and provides a procedure whereby any person or persons aggrieved or complaining of any matter in the church may have his or their charge or complaint heard before the constituted courts of the church, and may carry appeals from the lower to the higher judicatories.

4. The petitioner is the Presbytery of Philadelphia, a judicatory as aforesaid, composed of the Ministers and one Ruling Elder from each church connected with the Presbyterian Church in the United States of America within the City of Philadelphia south of Erie Avenue and Nicetown Lane, and now includes, by virtue of a merger on December 8, 1891, the former Presbytery of Philadelphia Central, hereinafter referred to.

5. The respondent is the Susquehanna Avenue Presbyterian Church of Philadelphia, a corporation, and a particular church within the territorial jurisdiction of the Presbytery of Philadelphia.

6. The said Susquehanna Avenue Presbyterian Church was first organized on October 15, 1877, under the name of the Lehigh Avenue Presbyterian Church, pursuant to a petition of 65 persons in the neighborhood of Sixth Street and Lehigh Avenue, Philadelphia, presented on July 3, 1877, to the aforesaid Presbytery of Philadelphia Central, a judicatory of the Presbyterian Church in the United States of America.

7. Subsequently, in 1882, with the permission of the said Presbytery of Philadelphia Central, the said Lehigh Avenue Presbyterian Church moved to the corner of Susquehanna Avenue and Marshall Street, Philadelphia, and changed its name to the Susquehanna Avenue Presbyterian Church of Philadelphia.

8. On September 7, 1882, one Richard H. Gregory conveyed to one Richard T. Jones certain property at the corner of Susquehanna Avenue and Marshall Street, Philadelphia, in trust as follows:

"In trust nevertheless to hold the said premises for the use of the Congregation of 'The Susquehanna Avenue Presbyterian Church of Philadelphia' until such time as the said Church shall be lawfully incorporated and when the same shall be lawfully incorporated then to convey the said premises to the Church Corporation. And in case the said Church shall not be incorporated then *in trust* to convey the said premises to such person or persons or Cor-

poration as a majority of persons composing the congregation of said Church shall authorize and direct."

9. On May 12, 1883, the said Susquehanna Avenue Presbyterian Church of Philadelphia was incorporated under that name as a corporation of the first class in the Commonwealth of Pennsylvania under the Act of April 29, 1874, P. L. 73.

10. The articles of incorporation of the said Susquehanna Avenue Presbyterian Church provide, inter alia, article 2, Purpose of Incorporation:

"The corporation is formed for the purpose of worshipping Almighty God, the support and extension of the Gospel, the imparting of religious instructions and the conducting of a church or churches in conformity to and in accordance with the faith, doctrine and ritual of the Presbyterian Church."

11. The said corporation subsequently on June 16, 1883, acquired and at present holds title to the aforesaid property at Susquehanna Avenue and Marshall Street, Philadelphia, and also to premises known as 638 West Diamond Street, Philadelphia, acquired on July 26, 1920, by deeds reciting no trust for the benefit of the congregation or any other person.

12. The said corporation at present holds title to certain personal property as follows: Cash on deposit at the Ninth Bank & Trust Co., $628.77; 150 chairs; 2 desks and chairs; 2 upright pianos; 1 grand piano; 1 small organ; miscellaneous books and hymnals; and church records.

13. There are no outstanding claims of the corporation and there are no liens or encumbrances upon any of the said property of the corporation except 1937 city and school taxes and water rents on premises 638 West Diamond Street, amounting to $101.88, which the Trustees of the Presbytery of Philadelphia stand ready to pay to the Receiver of Taxes of Philadelphia immediately upon gaining control of the property.

14. From the time of its organization as aforesaid, the Susquehanna Avenue Presbyterian Church remained a particular church in the Presbyterian Church in the United States of America under the care, authority, and jurisdiction of the Presbytery of Philadelphia Central and its successor, the Presbytery of Philadelphia, the petitioner, and has been regularly represented in the various judicatories of the denomination having jurisdiction over it.

15. On January 27, 1937, at a congregational meeting held at the call of the Session of the Susquehanna Avenue Presbyterian Church of Philadelphia, a resolution was adopted and communicated to the Presbytery of Philadelphia renouncing the jurisdiction of the Presbyterian Church in the United States of America and disavowing the allegiance of the congregation to it.

16. On January 28, 1937, the Reverend James W. Price, pastor of the said church, addressed a letter to the Presbytery of Philadelphia stating:

"I hereby renounce the jurisdiction of the Presbyterian Church in the United States of America in order that I might fulfill the ordination vows that I made, and now declare that I no longer recognize any obligation to it."

17. The reasons assigned for such renunciation of authority and withdrawal of allegiance were that certain actions of the General Assembly of the Presbyterian Church in the United States of America specified in the resolution of withdrawal were contrary or subversive to true Presbyterian doctrine and the church constitution.

18. The Presbytery of Philadelphia, having been informed of the proposed action of the congregation of the Susquehanna Avenue Presbyterian Church, by its representatives cautioned the pastor and elders of the church against the contemplated procedure and attended the meeting and there cautioned the members of the congregation present.

19. After the adoption of the resolution and the communication above set forth from the Reverend James W.

Price, the presbytery on February 9, 1937, instructed the Reverend Mr. Price not to occupy the pulpit of the church and by resolution temporarily suspended the Session of the church from the exercise of its office, appointing the Committee on Vacancy and Supply of the presbytery to function in its stead.

20. Subsequently, on March 7, and March 14, 1937, the persons sent by the said Committee on Vacancy and Supply to conduct services in the church were prevented from doing so by the elders of the church.

21. Pursuant to a resolution of the presbytery on March 1, 1937, the pastor and elders and certain trustees of the Susquehanna Avenue Church were notified to appear on March 15, 1937, at a stated time and place and show cause, if any they had, why the church should not be dissolved by the Presbytery.

22. No one appearing to show cause, the Presbytery of Philadelphia on March 15, 1937, by formal action dissolved the pastoral relation existing between the Reverend James W. Price and the Susquehanna Avenue Presbyterian Church and then dissolved the said church and declared it to be extinct.

23. No appeal from this action was taken either by the Reverend Mr. Price, the Session, or the congregation, to the higher judicatories of the Presbyterian Church in the United States of America within the time allowed therefor by the Church Constitution.

24. The Moderator of the Presbytery of Philadelphia attempted on March 17, 1937, to read notice of the said action to those assembled in the Susquehanna Avenue Presbyterian Church, but was prevented from so doing by the Reverend Mr. Price and others.

25. From January 27, 1937, to the present time, the Reverend James W. Price and the congregation of the Susquehanna Avenue Presbyterian Church have recognized no connection with the Presbyterian Church in the United States of America, nor any authority of the Presbytery of Philadelphia over the property held in the name

of the church corporation, but have continued to use the said property for services conducted by the said Reverend James W. Price, in defiance of the orders of the Presbytery of Philadelphia.

26. Thereupon, the said presbytery authorized George Emerson Barnes and I. Sturger Schultz, signers of the petition herein filed, to institute proceedings to dissolve the corporation known as the Susquehanna Avenue Presbyterian Church of Philadelphia, and acquire control of its property under the Nonprofit Corporation Law, supra, sec. 1002.

27. The General Assembly of the Presbyterian Church in the United States of America has heretofore formally decided that a particular church in the denomination cannot withdraw or become independent or be transferred to another denomination without the consent of the judicatories having jurisdiction over it.

28. The elements of religious faith to be adhered to by members of the Presbyterian Church in the United States of America are set forth in the Confession of Faith contained in the Church Constitution.

29. Certain chapters of the said Confession of Faith provide:

"Chapter XXX. I. The Lord Jesus, as king and head of his Church, hath therein appointed a government in the hand of church officers, distinct from the civil magistrate.

"II. To these officers the keys of the kingdom of heaven are committed by virtue whereof they have power respectively to retain and remit sins, to shut that kingdom against the impenitent, both by word and censures; and to open it unto penitent sinners, by the ministry of the Gospel, and by absolution from censures as occasion shall require.

"Chapter XXXI. I. For the better government and further edification of the Church, there ought to be such assemblies as are commonly called synods or councils.
. . . .

"II. It belongeth to synods and councils, ministerially, to determine controversies of faith, and cases of conscience; to set down rules and directions for the better ordering of the public worship of God and government of His Church."

30. The said Constitution of the Presbyterian Church also provides:

"Whenever hereafter a particular church is formally dissolved by the presbytery, or has become extinct by reason of the dispersal of its members, the abandonment of its work, or other cause, such property as it may have, both real and personal, shall be held, used and applied for such uses, purposes and trust as the presbytery may direct, limit and appoint, in conformity with the Constitution of the Presbyterian Church in the United States of America."

31. On July 12, 1894, a standing committee within the Presbytery of Philadelphia known as the Committee on Church Extension, Property and Charters was incorporated as a corporation of the first class under the Act of April 29, 1874, supra, under the name "The Trustees of the Presbytery of Philadelphia" having for its purpose:

"To have and to hold in fee simple or on any less estate land, tenements and hereditaments and all personal property in trust for the uses and purposes specified by the Presbytery of Philadelphia or by the will of the donors with power to convey the same free and discharged of all trusts where so directed by the presbytery."

## Discussion

Under the leadership of its pastor, the Reverend James W. Price, on January 27, 1937, the congregation of the Susquehanna Avenue Presbyterian Church of Philadelphia adopted a resolution renouncing the jurisdiction of the Presbyterian Church in the United States of America, and severing all connection with it on the ground that, due to certain actions of the General Assembly, it no longer represented the true Presbyterian faith. The con-

gregation thereafter refused to yield certain property standing in the name of the church corporation to the Presbytery of Philadelphia, and continued to use it as an independent church.

After futile remonstrances, the Presbytery of Philadelphia, after a hearing had on March 15, 1937, formally dissolved the Susquehanna Avenue Presbyterian Church and authorized the action here taken under the Nonprofit Corporation Law, supra, sec. 1002, to dissolve the corporation and obtain possession of the church property.

The dissolved congregation took no appeal from the decision of the presbytery, as it might have under the provisions of the constitution, with ultimate recourse to the General Assembly, but persisted in the contention that having withdrawn it was not subject to dissolution by the presbytery and was entitled to retain the church property.

The resolution of the session repudiating allegiance to and renouncing the jurisdiction of the Presbyterian Church in the United States of America may serve as the admission of a fact that indeed is nowhere disputed, to wit, that the local church was a constituent of the Presbytery of Philadelphia, but it can have no other effect, for nothing can be clearer as a matter of ecclesiastical law than that a particular church may not withdraw from the general body without asking for and receiving the consent of the higher judicatories.

The respondent, however, maintains that the deed under which use of the property was first obtained reserves control over it to the congregation. The first answer to this is that the subsequent conveyance, after the incorporation of the church, is simply to the corporation without the reservation of any control or rights in the congregation, and the second is that, whatever the law may formerly have been, it is clear since the Act of June 20, 1935, P. L. 353, that property heretofore or hereafter conveyed to or for the use of any church congregation is taken and held subject to the "rules and regulation", "dis-

cipline and requirements" of the denomination to which the church belongs. The act has been held applicable to both real and personal property, and to all conveyances though made before the date of enactment.

"A particular church of a given faith or sect as a local congregation is a part of the larger religious faith or sect which comprises the entire church or denomination. The local or parish church cannot divorce or separate itself from the mother church, set up a new independent organization and by so doing retain the ownership of the local church or congregational property": Canovaro et al. v. Brothers of The Order of Hermits of St. Augustine, 326 Pa. 76, 91.

To the same effect is Dochkus v. Lithuanian Benefit Society of St. Anthony, 206 Pa. 25, wherein it was held that " if . . . the congregation was formed for the purpose of religious worship according to the faith and rites of the Roman Catholic Church, had accepted the pastor assigned to it by the Archbishop of the diocese, had placed itself under the authority of the Archbishop and had submitted itself to his authority in all ecclesiastical matters, then the title to the property must be taken and held as provided by the canons of the Roman Catholic Church. The property acquired by the congregation under these circumstances is the property of the church and is subject to its control and must be held in the manner directed by its laws."

Regardless of any provisions in the deeds, therefore, the property is subject under the statute to the rule of the Presbyterian Church which provides:

"Whenever hereafter a particular church is formally dissolved by the presbytery or has become extinct by reason of the dispersal of its members, the abandonment of its work or other cause such property as it may have, both real and personal, shall be held used and applied for such uses purposes and trusts as the presbytery may direct, limit and appoint, in conformity with the Constitution of the Presbyterian Church in the United States of

America": Form of Government: Chapter XXVII, sec. IX, of the Constitution, p. 381.

It is clear then, that the effect of the statute, the cases, and the rule, is to subject the church property to the control of the presbytery after its action dissolving the congregation. There discussion might end, were it not for the respondent's contention that it has not been and cannot be legally dissolved, either under the constitution of the Presbyterian Church or the Nonprofit Corporation Law of 1933, sec. 1002, under which these proceedings are brought. and which provides in effect that, when a church corporation has ceased to support public worship, within the intent and meaning of its articles, "the diocesan convention, presbytery, synod, conference, council, or other supervising and controlling organization" may petition the court for a decree of dissolution.

Now the petition charges that the corporation known as the Susquehanna Avenue Presbyterian Church of Philadelphia has ceased to support public worship, within the intent and meaning of its articles, in that the congregation of the said church, after disavowing its allegiance to the parent body, attempted to withdraw from its jurisdiction and thereafter supported worship by a group styled "an independent church", in repudiation of and hostile to the authority of the Philadelphia Presbytery, and of the doctrines and standards of the Presbyterian Church.

The respondent's charter sets forth that the corporation is formed for the purpose of worshipping Almighty God, the support and extension of the Gospel, the imparting of religious instructions, and the conducting of a church or churches in conformity to and in accordance with the faith, doctrine, and ritual of the Presbyterian Church.

There is no dispute at all as to any question of fact · with regard to the actions and proceedings of the parties, or the doctrinal symbols, system of ecclesiastical policy, or discipline of the church, as contained in its constitu-

tion. There can be no doubt that the congregation, in repudiating its allegiance to the church at large, in attempting to withdraw from communion with it, in renouncing its jurisdiction, and in proceeding to set up an independent church, has acted in contravention of the ecclesiastical law, and the narrow question is whether this conduct is in violation of article 2 of the charter.

Since it appears that the authority with which the judicatories within the Presbyterian Church are vested for the government and discipline of members and member churches is regarded as being of divine origin, submission to that authority must be comprehended in worship in accordance with the faith and doctrines of the Presbyterian Church. This is evident from the following declarations in the Confession of Faith:

"The Lord Jesus, as King and head of his church, hath therein appointed a government in the hand of church officers, distinct from the civil magistrate": chap. XXX, sec. I.

"For the better government and further edification of the Church there ought to be such assemblies as are commonly called synods or councils": chap. XXXI, sec. I.

"It belongeth to synods and councils, . . . to set down rules and directions for the better ordering of the public worship of God and government of His Church": chap. XXXI, sec. II.

These chapters lay the foundation for the Form of Government and the Book of Discipline contained in the constitution of the Presbyterian Church in the United States of America, and in my opinion render recognition of them a necessary element of worship according to Presbyterian faith. Furthermore, the intent and meaning of the words, "the Presbyterian Church", in the charter can only be the particular Presbyterian body under whose auspices this congregation was organized, and with which it has always been associated, to wit, the "Presbyterian Church in the United States of America". The fact, therefore, that the congregation continues to conduct public

worship independently, although the ritual followed is the same and the doctrines preached are those of the Calvinistic theology, will not satisfy the purpose of its incorporation.

The respondent's contention that no authority may be found in the constitution for the dissolution of a congregation is sufficiently answered by the statement that, if not expressed in terms, it is clearly there by implication. That it has been repeatedly exercised appears from the deliverances of the General Assembly contained in the Presbyterian Digest as well as from the reported cases: The Trustees of the Presbytery of Jersey City v. The Trustees of the First Presbyterian Church of Weehawken et al., 80 N. J. L. 572; Trustees of the Presbytery of New York v. Westminster Presbyterian Church of West Twenty-third Street et al., 222 N. Y. 305.

It is finally asserted that the petitioners were bound to show that the corporation could be dissolved without prejudice to the public welfare or the interest of the members of the corporation. The Nonprofit Corporation Law of 1933, sec. 1002, in my opinion places no such burden upon them; it states:

"The court shall . . . enter a decree of dissolution if satisfied that the prayer of the petition may be granted without prejudice to the public welfare or the interests of the members of the corporation."

This directs the court to withhold a decree, if the record discloses some prejudice, but it certainly does not require negative proof from the petitioner when no prejudice is shown by respondents.

In conclusion, the defense attempted here has no significance either under the ecclesiastical law or that of the State. It consists really of contentions which exclusively concern the ecclesiastical tribunals and should have been raised by appeal thereto. A repudiation of church authority by a congregation, on the ground that the Presbyterian Church in the United States of America has departed from the true Presbyterian faith, can obtain no

sanction from a secular tribunal which cannot determine such questions when the church organization provides appropriate tribunals for dealing with them. This is so well settled as to be no longer open to argument: Skilton et al. v. Webster et al., 1 Brightly 203; Watson v. Jones, 13 Wall. (80 U. S.) 679; Bouchelle et al. v. Trustees of the Presbyterian Congregation at the Head of Christiana in New Castle County et al., 194 Atl. 100 (Del.).

It appears to me, if I may respectfully say so, that the true faith for this particular body, to wit, "The Presbyterian Church in the United States of America", is whatever the judicatories of that church say it is. However this may be or however the respondents may presume to arrogate dominion over the General Assembly, I am bound to accept its judgments in matters of faith or doctrine as conclusive.

I therefore have reached the following

*Conclusions of law*

1. A particular church, or a majority of its members, cannot sever its connection with the ecclesiastical body under whose direction it was organized and with which it has continuously been affiliated, or set itself up as a new and independent church, and retain ownership of the church property without the consent of such ecclesiastical body: Canovaro et al. v. Brothers of The Order of Hermits of St. Augustine, supra.

2. The intent and meaning of the articles of incorporation of the Susquehanna Avenue Presbyterian Church of Philadelphia is that the corporation was formed for the purpose of worshipping Almighty God in conformity to and in accordance with the faith, doctrines and ritual of the Presbyterian Church in the United States of America.

3. The existence and authority of the judicatories existing within the Presbyterian Church in the United States of America are provided for and declared to be of divine origin in certain chapters of the Confession of Faith of the said church, and in other parts of the consti-

tution of the church based upon those chapters, with the result that submission to the authority of such judicatories is to be comprehended in the meaning of the words, "worshipping . . . in conformity to and in accordance with the faith . . . of the Presbyterian Church", contained in the articles of incorporation of the respondent.

4. In renouncing the authority of the judicatories to which it was subject under the church constitution and setting itself up as a separate church independent of the Presbyterian Church in the United States of America, the respondent has ceased to support public worship according to the intent and meaning of its articles.

5. The respondent's claim that such renunciation of authority was justified raises questions of religious faith and doctrine which have been, or could be, determined by the duly constituted ecclesiastical tribunals within the Presbyterian Church in the United States of America by whose decision this court is bound.

6. The record discloses no prejudice to the public welfare nor to the interest of members of the respondent corporation that will result from a decree dissolving said corporation.

7. The petitioner, the Presbytery of Philadelphia, has shown cause for and is entitled to a decree dissolving the Susquehanna Avenue Presbyterian Church of Philadelphia, a corporation, under the Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 1002.

8. By virtue of the Act of June 20, 1935, P. L. 353, all property both real and personal held in the name of the respondent corporation is so held subject to the rules and regulations of the Presbyterian Church in the United States of America.

9. By virtue of such rules and regulations, upon dissolution of the respondent corporation all its property is to be held and used as the petitioner may direct.

10. To carry out the intent and purpose of said statute and rules and regulations the petitioner is entitled to a decree transferring the property standing in the name of

the respondent to the corporation known as "The Trustees of the Presbytery of Philadelphia", authorized to take title to property "in trust for the uses and purposes specified by the Presbytery of Philadelphia" and existing for that purpose.

## Decree nisi

And now, March 16, 1938, it is ordered, adjudged, and decreed as follows:

1. That, "Susquehanna Avenue Presbyterian Church of Philadelphia", a corporation of the first class by certificate of incorporation approved by the decree of the Court of Common Pleas No. 2 as of March term,, 1883, no. 314, and recorded in the Recorder of Deeds Office for the County of Philadelphia in Charter Book no. 7, page 534, et seq., is hereby dissolved.

2. That title to the following described real property . . . is hereby declared to be vested in the corporation known as "The Trustees of the Presbytery of Philadelphia", to be held in trust for the uses and purposes specified by the Presbytery of Philadelphia.

3. That all personal property of the said Susquehanna Avenue Presbyterian Church of Philadelphia is declared to be the property of the corporation known as "The Trustees of the Presbytery of Philadelphia", to be held in trust for the uses and purposes specified by the Presbytery of Philadelphia.

4. That the officers and trustees of Susquehanna Avenue Presbyterian Church of Philadelphia are ordered and directed to deliver possession of all the real and personal property of the said corporation to "The Trustees of the Presbytery of Philadelphia".

5. That the Board of Trustees of the Susquehanna Avenue Presbyterian Church of Philadelphia render to "The Trustees of the Presbytery of Philadelphia" true and accurate accounting of all income and rents collected on the real estate aforesaid, and expenditures for taxes, charges, and repair, if any.

6. That the costs of these proceedings be paid by the respondents, "The Board of Trustees of the Susquehanna Avenue Presbyterian Church of Philadelphia".

The prothonotary will enter this decree nisi and notify the parties or their counsel that unless exceptions thereto are filed within 10 days the said decree will become final in the case.